**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff–Appellee, | No. 11-5015 |
| v. | (D.C. Nos. 4:07-CV-00394-TCK-FHM and  4:04-CR-00182-TCK-2) |
| JAMES LEE WATSON, | (N.D. Okla.) |
| Defendant–Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

On June 3, 2011, this court granted Defendant James Watson a certificate of appealability to appeal the district court's denial of Defendant's § 2255 habeas petition without an evidentiary hearing. The government subsequently filed a response brief and a motion to supplement the record on appeal, which this court granted. Defendant also filed a reply. Having reviewed all of these materials, we now affirm the district court's decision.

In his habeas petition and sworn affidavit in support, Defendant asserted

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that his first attorney told him the government was not offering any plea, although the government had in fact offered a plea agreement under which Defendant would face only a thirty-two-year sentence. He further asserted his second attorney did not inform him of this plea offer until it was already off the table, and that he would have accepted this plea bargain if he had been advised of its existence and his possible sentencing exposure before then.

The supplemental record materials submitted by the government refute Defendant's allegations. In particular, the government has supplemented the record on appeal with the transcript from a hearing held on Defendant's pre-trial motion to remove his first attorney from the case. At this hearing, Defendant explained he was dissatisfied with this attorney because of the attorney's repeated attempts to get him to accept the government's plea agreement. This contemporaneous statement renders Defendant's current assertion that he was unaware of the plea agreement completely incredible.

A district court is not required to hold an evidentiary hearing on claims that are conclusively refuted by the record. *See* 28 U.S.C. § 2255(b). We thus see no error in the district court's denial of Defendant's habeas petition without an evidentiary hearing. The court's decision is **AFFIRMED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-2-